**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 18, 2024

LETTER TO COUNSEL

      RE:    *Shana M. v. Commissioner, Social Security Administration*
              Civil No. SAG-23-1590

Dear Counsel:

      On June 13, 2023, Plaintiff Shana M. petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF No. 1. After reviewing the parties' dispositive briefs (ECF Nos. 13, 14, 15) I have determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will reverse the SSA's decision and remand the case to the SSA for further consideration. This letter explains my rationale.

      **I.**      **PROCEDURAL BACKGROUND**

      Plaintiff filed a claim for Supplemental Security Income benefits on March 5, 2014, alleging a disability onset date of January 1, 2013. Tr. 873. Her claim was denied initially and on reconsideration. Tr. 86–89, 93–94. On May 26, 2016, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36–60. On October 11, 2016, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 19–35. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so Plaintiff petitioned this Court for judicial review, Tr. 672–79. The Court remanded Plaintiff's case to the SSA with the consent of both parties. Tr. 671.

      On remand, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings. Tr. 663. The ALJ held a new hearing on September 18, 2019. Tr. 635–60. On October 30, 2019, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 606–24. Plaintiff sought judicial review of the decision in this Court. Tr. 928–35. The Court remanded Plaintiff's case to the SSA a second time. Tr. 936–48. On remand, the Appeals Council vacated the ALJ's decision and remanded the case to a different ALJ. Tr. 949–53.

On March 15, 2023, a third hearing was held. Tr. 898–927. An ALJ issued a decision denying Plaintiff's claim for benefits on April 11, 2023. Tr. 870–97. Because Plaintiff filed no exceptions with the Appeals Council, and because the Appeals Council did not otherwise assume jurisdiction, the March 15, 2023 decision is the final, reviewable decision of the SSA. *See* 20 C.F.R. § 416.1484(d).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since she applied for benefits. Tr. 875. At step two, the ALJ found that, prior to January 1, 2019, Plaintiff had the following severe impairments: "right finger disorder, degenerative disc disease of the lumbar and cervical spine and left shoulder degenerative joint disease." *Id*. The ALJ then found that, as of January 1, 2019, Plaintiff had the following severe impairments: "obesity, right finger disorder, degenerative disc disease of the lumbar and cervical spine, left shoulder degenerative joint disease, generalized anxiety disorder, chronic depressive disorder, and borderline personality disorder." Tr. 877. The ALJ determined that, before and after January 1, 2019, Plaintiff's asthma and gastroesophageal reflux disease were non-severe. Tr. 876. At step three, the ALJ found that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 878–79.

The ALJ concluded that, prior to January 1, 2019, Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b) except the claimant could occasionally perform postural activities. The claimant could occasionally perform overhead work with the non-dominant arm. The claimant could frequently handle and finger with the dominant arm. The claimant could perform simple routine work." Tr. 882. As of January 1, 2019, the ALJ determined that Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can stand and walk four hours in an eight-hour workday. The claimant can perform all postural activities occasionally. The claimant can occasionally perform overhead work with the non-dominant arm. The clamant can frequently handle and finger with the dominant hand. The claimant can have occasional exposure to dusts, odors,

>fumes, and pulmonary irritants. The claimant can perform simple, routine, and repetitive tasks.

Tr. 885–86. The ALJ found that Plaintiff could not perform any past relevant work but could perform jobs existing in significant numbers in the national economy. Tr. 889–90. Thus, the ALJ concluded that Plaintiff was not disabled "since March 5, 2014, the date the application was filed." Tr. 891.

### III. LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV. ANALYSIS

Plaintiff argues that the RFC assessment lacks the support of substantial evidence. ECF 13, at 8. Specifically, she contends that the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to explore how Plaintiff's "right finger disorder" impacted her ability to perform certain exertional and manipulative functions. *Id.* at 14. Defendant counters that the ALJ provided sufficient analysis to permit meaningful judicial review and that Plaintiff's argument amounts to a request to reweigh the evidence on appeal. ECF 14, at 7–17.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 416.945(a). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The SSA classifies "manipulative . . . functions," such as "reaching" and "handling," as "physical demands of work activity" which, if limited, "may reduce [the] ability to do past work and other work." 20 C.F.R. § 416.945(b).

Having carefully reviewed the ALJ's decision, the Court finds that the ALJ's failure to adequately assess Plaintiff's capacity for fingering warrants remand. At step two, the ALJ determined that Plaintiff's "right finger disorder" was severe. Tr. 875, 877. The ALJ subsequently observed that, due to a "dog bite and subsequent fracture and infection" in 2015, Plaintiff has experienced pain, osteomyelitis, limited range of motion, and cellulitis in her right middle finger.

*Shana M. v. Commissioner, Social Security Administration*
Civil No. SAG-23-1590
March 18, 2024
Page 4

Tr. 883–84.  Notwithstanding those issues, the ALJ concluded that Plaintiff could frequently finger with her dominant hand.[1]  Tr. 882, 886.  But the ALJ did not explain why Plaintiff can finger frequently—as opposed to occasionally or never—given her right finger disorder and corresponding limitations.  Instead, the ALJ summarily noted that Plaintiff "could frequently . . . finger . . . due to the right finger disorder[.]"  Tr. 885.  By failing to explain how the evidence supported their conclusion on this issue, the ALJ contravened SSR 96-8p's directive to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]"  SSR 96-8p, 1996 WL 374184, at *7.

The Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis.  *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  But when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate.  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021).  Here, remand for further analysis is warranted because Plaintiff's fingering abilities are determinative of her ability to perform jobs existing in the national economy.  At step five, the vocational expert testified that no jobs in the national economy would permit "occasional" fingering.  Tr. 924.  Because a more restrictive fingering limitation would preclude Plaintiff from performing work, Plaintiff's capacity for fingering is "relevant" with respect to the analysis required by SSR 96-8p.  *Dowling*, 986 F.3d at 389.  Despite the function's relevance to this case's outcome, the ALJ failed to adequately assess it, leaving the Court unable to conclude that the RFC assessment properly limits Plaintiff to frequent fingering.

In sum, the Court is "left to guess about how the ALJ arrived at [their] conclusions" on Plaintiff's ability to perform a relevant function, so "remand is necessary."  *Mascio*, 780 F.3d at 637.  In remanding for further analysis, the Court expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### V. **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. An implementing order follows.

Sincerely yours,

 /s/
Stephanie A. Gallagher
United States District Judge

---

[1] Plaintiff is right-handed.  *See* Tr. 904.